O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON RAISER, | ) | CASE NO. CV 13-2925 RGK (RZ) |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| CITY OF LOS ANGELES, ET AL., | ) ) | |
| Defendants. | ) ) | |

The Court will dismiss the Second Amended Complaint (2AC) because Plaintiff continues to name several Defendants whom the Court has dismissed from the action. In addition, (1) the 2AC states no "short and plain" entitlement to relief, and (2) many if not all of the changes in the 2AC exceed the scope of leave granted by the Court in dismissing the First Amended Complaint (1AC).

**I.**

**THE 2AC IMPROPERLY TARGETS DISMISSED DEFENDANTS**

The self-described "mobile homeless" and *pro se* plaintiff sues over a series of allegedly abusive contacts with him by police officers of the defendant City of Los Angeles. On October 3, 2013, the City moved to dismiss the 1AC. On October 11,

the only other defendant to have appeared, Bob Stresak, joined in the City's motion and filed a dismissal motion of his own.

On January 3, 2014, the undersigned filed a First Interim Report urging the dismissal of several never-appearing defendants, namely LAPD officers Jester, Lin and the all eight DOES.

On January 7, the Court dismissed the 1AC with limited leave to amend within 30 days, partly based on the two dismissal motions and partly on its own motion. Plaintiff moved for an extension on February 6, and on February 12 the Court granted the motion by extending his deadline through February 20.

On February 13, the District Judge accepted the First Interim Report and dismissed the DOES, Jester and Lin from the action.

Now before the Court is the 2AC, filed on February 20. In it, Plaintiff continues to name Jester, Lin and the DOES. Perhaps Plaintiff, when completing his revisions in the 2AC, may not yet have been aware of the February 13 dismissals. Whatever may have caused it, however, this targeting of already-dismissed defendants necessitates dismissal of the 2AC with leave to amend.

Before closing, the Court observes two further, overlapping problems in the 2AC. If uncorrected, they may prompt yet another dismissal – and if so, it may lead to dismissal of the entire action. First, the 2AC worsens Plaintiff's practice of including lengthy and overly detailed narratives, speeches and political manifestoes. Second, Plaintiff has added new defendants, new theories of relief, and otherwise has exceeded the specific, limited scope of leave-to-amend that the Court granted. (He has also made some changes that *were* permitted, such as by separating his previously compound "everyone did everything" claims into separate claims, each asserting violation of one legal right.)

///
///
///
///

- 2 -

# II.

# THE 2AC IS NOT "SHORT AND PLAIN"

### A.   Applicable Law

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840. Here, the 2AC is so lengthy and given over to tangents, minute details and matters either irrelevant or not *yet* relevant that it is neither "short" nor "plain."

Plaintiff's tale has grown in the telling. The initial complaint was 19 pages long. The 1AC swelled to 33 pages long and attached 141 pages of exhibits. The 2AC tips the proverbial scales at 88 pages, not counting dozens of pages of exhibits. But it is not the 2AC's length *per se* that troubles the Court. What is troubling is how much shorter the pleading could be without losing any clarity (although it likely would thereby gain some). The Court refers Plaintiff to the admonitions of Circuit Judge Arthur Alarcón in dismissing another *pro se* civil-rights action with leave to amend:

> . . . Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he

was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

. . .

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

**Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.** *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional

    injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

What is a "short and plain" statement of a claim? The Ninth Circuit in *McHenry,* one of the cases cited by Circuit Judge Alarcón above, illustrated this by quoting from an official federal form, one for negligence, as follows:

> The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:
>
>     1.    [Allegation of jurisdiction.]
>     2.    On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>     3.    As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>     Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

> FED. R. CIV.P. Form 9. This complaint fully sets forth who is being sued, for
> what relief, and on what theory, with enough detail to guide discovery. It can
> be read in seconds and understood in minutes.

*McHenry*, 84 F.3d at 1177. "By contrast," the *McHenry* court lamented, "the complaint in the case at bar is argumentative, prolix, replete with redundancy and largely irrelevant. It consists largely of immaterial background information." *Id*.

Just so here. Instead of alleging the operative facts simply and without argument, Plaintiff devotes much of the 2AC to "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." For example, Plaintiff devotes over seven full pages to a verbose and detailed account of his dealings – sometimes word for alleged word – with the public defender who represented him when he was prosecuted for residing in his car in violation of Los Angeles Municipal Code (LAMC) § 85.02. He devotes three pages, comprising a single wall-of-text paragraph (2AC ¶ 188), to minute details surrounding the LAPD's detention of him in Reseda, at times at gunpoint. Plaintiff increasingly appears to believe that he must provide comprehensive, detailed *evidence* in his complaints. Not so. Rather, the pleading stage is the time for "short and plain" allegations supporting straightforward claims, not for reams of details and exhibits (many of which could simply have been cited instead of physically attached) meant to *prove* those allegations.

For the foregoing reasons, any Third Amended Complaint (3AC) shall not exceed 25 pages, exclusive of exhibits, and shall conform to the other admonitions noted in this Order.

///
///
///
///
///

# III.
# THE 2AC INCLUDES NUMEROUS AMENDMENTS
# FOR WHICH THE COURT DID NOT GRANT LEAVE

### A.    Amended Pleadings May Not Exceed The Scope Of Leave Granted

When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted. *See United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007) (interpreting FED. R. CIV. P. 15(a)). The rule applies even if the court did not expressly bar amendments other than the one(s) it *did* allow. *See FDIC v. Kooyomjian*, 220 F.3d 10, 15 (1st Cir. 2000) (district court did not abuse discretion in striking two entirely new claims included in amended pleading, where court had granted leave to amend for bolstering of previously-pleaded claims). This rule applies with equal vigor to *pro se* plaintiffs. *See Willett v. City Univ. Of New York*, No. 94 CV 3873, 1997 WL 104769 (E.D.N.Y. 1997), at *1-*2, *followed in Pagan v. New York State Div. Of Parole*, No. 98 Civ. 5840(FM), 2002 WL 398682 (S.D.N.Y. 2002), at *3. In *Willett*, the district court dismissed the *pro se* plaintiff's initial civil rights complaint, granting him leave to amend to assert only two of his initial, larger array of claims. "Accordingly," the court explained when Plaintiff thereafter added several further claims, "the court will not consider [those non-permitted] claims." 1997 WL 104769 at *2. In *Pagan*, similarly, a *pro se* plaintiff tried to add entirely new claims after being granted leave to amend only as to certain already-asserted claims. The *Pagan* court dismissed the improperly-added new claims with prejudice. 2002 WL 398682 at *3.

### B.    The 2AC Includes Numerous Changes Exceeding The Grant Of Leave

The 2AC violates this rule in at least three interrelated ways: (1) it adds entirely new legal claims (2) against entirely new defendants (3) based on entirely new factual allegations. In but one of many examples, Plaintiff now seeks to sue the prosecutor and the public defender who were assigned to Plaintiff's criminal action for violating

LAMC § 85.02.  It is incidental, at this point, that such claims are plainly infirm in that these court officers enjoy absolute immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d (1993) (prosecutors); *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defenders).  The salient problem with these additions, rather, is that Plaintiff was not given leave to make them.  In another example, he adds claims of assault and battery based on his brief detention (albeit at gunpoint) in Reseda.  Not only were those claims not present in the 1AC, but the Court also did not grant leave to add them in the 2AC.  (Perhaps worse, these two new claims are almost entirely superfluous in context.  Plaintiff already includes a Fourth Amendment claim asserting the excessive use of force during his Reseda detention.  Plaintiff appears to believe that more claims means a better lawsuit, but sometimes less is more.)

        And so on.  The Court has not exhaustively reviewed the 2AC, in part due to the unnecessary length noted in the preceding section of this Order.  The Court thus does not intend its express disapproval of some aspects of the 2AC to betoken its approval of other parts not discussed.  Suffice it to say that Plaintiff should carefully review the pertinent portions of the January 7 Order dismissing the 1AC to discern exactly what changes the Court gave him leave to make.  Any other changes are not permitted absent leave of the Court or Defendants' written stipulation.  If the 3AC again exceeds the scope of leave granted, or if it fails to conform to the page limitation and other short-and-plain admonitions noted above, then the Court may dismiss the 3AC.  If the Court dismisses the 3AC for such a shortcoming, it may not grant leave to amend – a decision that would terminate this action.

## IV.
## CONCLUSION

        Based on the foregoing, the 2AC hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his Third Amended Complaint (3AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 3AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 3AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: February 26, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE